1  DAVIS WRIGHT TREMAINE LLP
      865 S. FIGUEROA ST.
2         SUITE 2400
   LOS ANGELES, CALIFORNIA 90017-2566
3      TELEPHONE (213) 633-6800
          FAX (213) 633-6899
4

5  ROCHELLE L. WILCOX (State Bar No. 197790)
    rochellewilcox@dwt.com
6  LISA J. KOHN (State Bar No. 260236)
    lisakohn@dwt.com
7

8  Attorneys for Defendant
   A&E TELEVISION NETWORKS, LLC
9

10              UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13  RICHARD C. ALEXANDER,            )  Case No. 2:11-CV-00025-GEB-KJM
                                     )
14              Plaintiffs,          )  **DEFENDANT A&E TELEVISION
                                     )  NETWORKS, LLC'S NOTICE OF
15         vs.                       )  MOTION AND SPECIAL MOTION
                                     )  TO STRIKE PLAINTIFF'S
16  A&E TELEVISION NETWORKS,         )  AMENDED COMPLAINT;
    LLC, and DOES 1 through XXX,     )  MEMORANDUM OF POINTS AND
17  inclusive,                       )  AUTHORITIES**
                                     )
18              Defendants.          )  [Cal. Code Civ. Proc. § 425.16]
                                     )
19                                   )
                                     )  Date:    April 18, 2011
20                                   )  Time:    9:00 a.m.
                                     )  Dept.:   No. 10 – 13th Floor
21                                   )
                                     )  Assigned to the Hon.
22                                   )   Garland E. Burrell, Jr.
                                     )
23                                   )  Action Filed January 4, 2011
                                     )
24                                   )  [Declarations of Douglas S. Kneissl and
                                     )  Julie Hughes with Exhibits A, C-E Filed
25                                   )  Concurrently; Notice of Filing with
                                     )  Exhibits B1 and B2 Served and
26                                   )  Submitted Separately]

27  _____

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 18, 2011 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Garland E. Burrell, Jr. in Courtroom 10 – 13th Floor of the United States District Court for the Eastern District of California, located at 501 "I" Street, Sacramento, 95814, defendant A&E Television Networks, LLC ("AETN") will and hereby does move this Court, pursuant to California Code of Civil Procedure § 425.16, California's "anti-SLAPP" statute, for an order striking plaintiff Richard C. Alexander's First Amended Complaint in its entirety.

This Motion is made on the grounds that Plaintiff's single cause of action for defamation falls squarely within the scope of Section 425.16(e)(2) and (e)(4) because it arises from AETN's exercise of free-speech rights about a matter of public interest. Thus, the burden shifts to plaintiff to present evidence establishing a probability that he will prevail on his claim. *See* Cal. Code Civ. Proc. § 425.16(b)(1). He cannot meet his burden under Section 425.16 for each of the following independent reasons:

1. Plaintiff's claim is barred by the statute of limitations.

2. Plaintiff's claim is barred by the "fair and true report" privileges provided by California Civil Code § 47(d), the First Amendment and Article I, § 2 of the California Constitution because the program at issue captures the "gist" or "sting" of official proceedings.

3. Plaintiff's claim is barred because the "statement" at issue is not provably false, and does not state or imply anything defamatory about Plaintiff.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Because Plaintiff cannot meet his burden, his AC must be stricken in its

2    entirety, and AETN should be awarded its costs and attorneys' fees incurred in

3    defending against this action.[1]

4          This Special Motion To Strike is based upon this Notice; the attached

5    Memorandum of Points and Authorities; the concurrently-filed Declarations of

6    Douglas S. Kneissl and Julie Hughes with Exhibits A, C-E; the separately-

7    submitted Notice of Filing with Exhs. B1 and B2; on any other matters of which

8    this Court may take judicial notice; on all pleadings, files, and records in this action;

9    and on such other argument as may be received by this Court at the hearing on this

10   Motion.

11

12   DATED:  March 21, 2011              DAVIS WRIGHT TREMAINE LLP
                                         ROCHELLE L. WILCOX
13                                       LISA J. KOHN

14

15                                       By: _/s/ Rochelle L. Wilcox_
                                              Rochelle L. Wilcox
16
                                         Attorneys for Defendant
17                                       A&E TELEVISION NETWORKS, LLC

18

19

20

21

22

23

24

25   _____
        [1] Code of Civil Procedure § 425.16(c) mandates that a prevailing party
26   "shall" recover its attorneys' fees and costs.  If this Court grants AETN's Special
     Motion to Strike, it will file a separate motion setting forth the fees and costs
27   incurred.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001); *American
     Humane Ass'n v. Los Angeles Times Comm'n LLC*, 92 Cal. App. 4th 1095, 1103
28   (2001).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

1.   SUMMARY OF ARGUMENT ........................................................ 1

2.   SUMMARY OF FACTS ............................................................. 3

3.   PLAINTIFF'S CLAIM IS SUBJECT TO AN ANTI-SLAPP
     MOTION. .......................................................................... 4

     A.   The Anti-SLAPP Statute Broadly Applies to Claims that Target
          the Exercise of Free Speech About Issues of Public Interest. ............ 4

     B.   Plaintiffs' Claim Falls Within the Scope of the Anti-SLAPP
          Statute. ..................................................................... 6

4.   PLAINTIFF CANNOT MEET HIS BURDEN OF ESTABLISHING A
     PROBABILITY OF PREVAILING ON HIS CLAIM. ............................... 8

     A.   Plaintiff's Claim Is Time-Barred. ......................................... 9

     B.   Plaintiff's Claim Is Barred Under Federal and California Law
          Because the Program Is a Fair and True Report on Government
          Proceedings. ............................................................... 10

          1.   Plaintiff's Claim Is Barred by California Civil Code
               § 47(d). ............................................................. 10

          2.   Plaintiff's Claim Is Barred by the Fair Report
               Privilege Under the First Amendment and the
               California Constitution. ........................................... 13

     C.   Plaintiff's Claim Is Barred Because AETN Made No Provably
          False Statement and The Program Does Not State or Imply
          Anything Defamatory About Plaintiff. .................................... 14

          1.   The Picture of Plaintiff Relays the True Fact that
               Plaintiff Posed in Public for a Picture with Yak
               Yak. ................................................................ 14

          2.   The Program Does Not Reasonably Convey any
               Defamatory Implication About Plaintiff. ......................... 15

          3.   Any Alleged Defamatory Meaning Is Not "Of and
               Concerning" Plaintiff. ............................................ 18

5.   CONCLUSION ....................................................................... 19

AETN'S SPECIAL MOTION TO STRIKE
DWT 16718326v3 0052023-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

<u>Page</u>

**CASES**

*Alszeh v. Home Box Office,*
   67 Cal. App. 4th 1456 (1998) ................................................................. 16

*Balzaga v. Fox News Network, LLC,*
   173 Cal. App. 4th 1325 (2009) ............................................................... 16

*Barger v. Playboy Enterprises,*
   564 F. Supp. 1151 (N.D. Cal. 1983) ....................................................... 18

*Batzel v. Smith,*
   333 F.3d 1018 (9th Cir. 2003) ................................................................. 6

*Blatty v. New York Times Co.,*
   42 Cal. 3d 1033 (1986) ........................................................................... 18

*Bradbury v. Superior Court,*
   49 Cal. App. 4th 1108 (1996) ................................................................ 7, 8

*Braun v. Chronicle Publ.,*
   52 Cal. App. 4th 1036 (1997) ................................................................ 4, 12

*Briggs v. Eden Council,*
   19 Cal. 4th 1106 (1999) ......................................................................... 5, 6

*Buzayan v. City of Davis Police Dep't,*
   2007 WL 2288334 (E.D. Cal. August 8, 2007) ....................................... 6

*Church of Scientology v. Wollersheim,*
   42 Cal. App. 4th 628 (1996) ................................................................... 9

*Condit v. Nat'l Enquirer, Inc.,*
   248 F. Supp. 2d 945 (E.D. Cal. 2006) ..................................................... 6

*Cox Broadcasting Corp. v. Cohn,*
   420 U.S. 469 (1975) ............................................................................... 8, 13

*Craig v. Harney,*
   331 U.S. 367 (1947) ............................................................................... 13

*Crowe v. County of San Diego,*
   608 F.3d 406 (9th Cir. 2010) .................................................................. 16

*Dorsey v. National Enquirer, Inc.,*
   973 F.2d 1431 (9th Cir. 1992) ................................................................ 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*DuPont Merck Pharm. v. Superior Court,*
   78 Cal. App. 4th 562 (2000) ............................................................................. 9

*eCash Technologies, Inc. v. Guagliardo,*
   127 F. Supp. 2d 1069 (C.D. Cal. 2000) ......................................................... 6

*Equilon Enterprises v. Consumer Cause, Inc.,*
   29 Cal.4th 53 (2002) ......................................................................................... 9

*Flores v. Emerich & Fike,*
   416 F. Supp. 2d 885 (E.D. Cal. 2006) ........................................................... 6

*Florida Star v. B.J.F.,*
   491 U.S. 524 (1989) ........................................................................................ 13

*Forsher v. Bugliosi,*
   26 Cal. 3d 792 (1980) .......................................................................... 8, 15, 17

*Francis v. Dun & Bradstreet, Inc.,*
   3 Cal. App. 4th 535 (1992) ........................................................................... 14

*Gates v. Discovery Comm'ns,*
   34 Cal. 4th 679 (2004) .............................................................................. 7, 13

*Glenn v. Gibson,*
   75 Cal. App. 2d 649 (1946) ..................................................................... 11, 12

*Gorman v. Abramson,*
   584 F.3d 1147 (9th Cir. 2009) ..................................................................... 14

*Hall v. Time Warner,*
   153 Cal. App. 4th 1337 (2007) ....................................................................... 7

*Handlesman v. San Francisco Chronicle,*
   11 Cal. App. 3d 381 (1970) ..................................................................... 10, 11

*Hayward v. Watsonville Register,*
   265 Cal. App. 2d 255 (1968) ........................................................................ 12

*Hebrew Academy of San Francisco v. Goldman,*
   42 Cal. 4th 883 (2007) ..................................................................................... 9

*Hilton v. Hallmark Cards,*
   599 F.3d 894 (9th Cir. 2010) ..................................................................... 5, 8

*Jennings v. Telegram-Tribune Co.,*
   164 Cal. App. 3d 119 (1985) ........................................................................ 10

*Kilgore v. Younger,*
   30 Cal. 3d 770 (1982) .................................................................................... 11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.,*
    37 Cal. App. 4th 855 (1995) ............................................................................ 6

*Lieberman v. KCOP Television,*
    110 Cal. App. 4th 156 (2003) .......................................................................... 7

*Lipman v. Brisbane Elementary School District,*
    55 Cal. 2d 224 (1961) ...................................................................................... 11

*Long v. Walt Disney Co.,*
    116 Cal. App. 4th 868 (2004) .......................................................................... 10

*Loricchio v. Evening News,*
    476 N.W.2d 112 (Mich. 1991) ........................................................................ 17

*Ludwig v. Superior Court,*
    37 Cal. App. 4th 8 (1995) ................................................................................ 1

*McClatchy Newspapers v. Superior Court,*
    189 Cal. App. 3d 961 (1987) ........................................................................... 11

*Metabolife, Inc. v. Wornick,*
    264 F.3d 832 (9th Cir. 2001) ........................................................................... 6

*Mindys Cosmetics v. Dakar,*
    611 F.3d 590 (9th Cir. 2010) ........................................................................... 9

*Morningstar, Inc. v. Superior Court,*
    23 Cal. App. 4th 676 (1994) ............................................................................ 15

*Navellier v. Sletten,*
    29 Cal. 4th 82 (2002) ....................................................................................... 5

*New York Times Co. v. Sullivan,*
    376 U.S. 254 (1964) ......................................................................................... 18

*Nygard v. Uusi-Kerttula,*
    159 Cal. App. 4th 1027 (2008) ........................................................................ 7

*O'Hilderbrandt v. CBS,*
    40 Cal. App. 3d 323 (1974) ....................................................................... 16, 17

*Partington v. Bugliosi,*
    56 F.3d 1147 (9th Cir. 1995) ........................................................................... 16

*Polygram Records v. Superior Court,*
    170 Cal. App. 3d 543 (1985) ........................................................................... 15

*Ramsey v. Fox News Network, LLC,*
    351 F. Supp. 2d 1145 (D. Colo. 2005) ............................................................ 16

iv

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Reeves v. ABC, Inc.*,
    719 F.2d 602 (2d Cir. 1983) ............................................................... 12

*Robertson v. Rodriguez*,
    36 Cal. App. 4th 347 (1995) ................................................................. 9

*Rosenblatt v. Baer*,
    383 U.S. 75 (1966) ............................................................................ 18

*Rubin v. U.S. News & World Report*,
    271 F.3d 1305 (11th Cir. 2001) .......................................................... 16

*Seelig v. Infinity Broadcasting Corp.*,
    97 Cal. App. 4th 798 (2002) ............................................................. 6, 7

*Shively v. Bozanich*,
    31 Cal. 4th 1230 (2003) ............................................................ 1, 9, 10

*Sipple v. Foundation for Nat'l Progress*,
    71 Cal. App. 4th 226 (1999) ....................................................... 2, 7, 11, 12

*Smith v. Maldonado*,
    72 Cal. App. 4th 637 (1999) ......................................................... 14, 15

*United States v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .............................................................. 6

*Yorty v. Chandler*,
    13 Cal. App. 3d 467 (1971) ............................................................... 15

**STATUTES**

California Civil Code § 47(4) ................................................................. 10

California Civil Code § 47(d) ........................................................... passim

California Civil Code § 48a .................................................................... 4

California Civil Code § 3425.3 ............................................................... 9

California Code of Civil Procedure § 340 ................................................. 9

California Code of Civil Procedure § 415.16(e)(2) ..................................... 7

California Code of Civil Procedure § 425.16 ...................................... passim

California Code of Civil Procedure § 425.16(a) ......................................... 5

California Code of Civil Procedure § 425.16(b) ......................................... 1

California Code of Civil Procedure § 425.16(b)(1) .................................. 5, 8

AETN'S SPECIAL MOTION TO STRIKE
DWT 16718326v3 0052023-000025

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California Code of Civil Procedure § 425.16(e) ........................................................... 5

California Code of Civil Procedure § 425.16(e)(4) ................................................... 7, 8

**CONSTITUTIONAL PROVISIONS**

California Constitution, Article I, § 2 ...................................................................... 13

United States Constitution, First Amendment ...........................................,........... passim

United States Constitution, Fourteenth Amendment ................................................. 13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF ARGUMENT

This defamation action against A&E Television Networks, LLC ("AETN") arises out of the two-second use of a photograph in an episode of the television show *Gangland* entitled "Snitch Slaughter," which first aired on November 5, 2009 (the "Program"). The photograph, which was obtained from law enforcement officials, shows the leader of the Vagos, the gang profiled in the Program, standing arm-in-arm with a man whose face is covered by a black bar. The two men are posing for a picture in an outdoor setting. Plaintiff Richard C. Alexander alleges that he is the other man in the picture, and that AETN's limited use of the image gives rise to defamatory implications about him.

Because Plaintiff's defamation claim targets AETN's exercise of free speech in connection with matters of significant public interest, it is subject to an anti-SLAPP motion under California Code of Civil Procedure § 425.16, which provides for the "fast and inexpensive unmasking and dismissal" of meritless lawsuits, like Plaintiff's, that target a defendant's exercise of free speech rights. *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 16 (1995). Under this statute, such claims must be stricken at the outset unless the plaintiff presents admissible evidence to establish that he has a "probability" of prevailing on the merits. Cal. Code Civ. Proc. § 425.16(b). Section 3, *infra*.

Plaintiff cannot come close to meeting this burden for three independent reasons. *First*, Plaintiff's claim is time-barred. Under California's Uniform Single Publication Act, the statute of limitations commenced with the initial broadcast of the Program on November 5, 2009. Thus, Plaintiff's claim expired one year later, before he filed this action on January 4, 2011. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003). Section 4.A, *infra*.

*Second*, Plaintiff's claim is barred because the Program is absolutely privileged under Civil Code § 47(d) and the First Amendment as a "fair and true

report" of government proceedings.  Section 47(d) establishes an absolute privilege for any "fair and true report" of information disclosed by the government, protecting any statements by the media that capture "the gist" or "the sting" of those government statements. *See, e.g., Sipple v. Foundation for Nat'l Progress*, 71 Cal. App. 4th 226, 244 (1999).  Similarly, the First Amendment provides absolute protection to any statement that accurately relays information obtained from the government.  AETN received information and materials from law enforcement – including the photograph at issue here – and its Program is an accurate restatement of the information it received.  Section 4.B, *infra*.

*Third*, Plaintiff's defamation claim also is barred because the Program does not assert, and cannot reasonably be interpreted as implying, anything defamatory about Plaintiff.  Plaintiff cannot deny that the photograph is accurate – it truthfully depicts Plaintiff standing arm-in-arm with Yak Yak.  This alone bars Plaintiff's claim because the Program is not false.  Hoping to avoid this common-sense result, Plaintiff alleges that the photograph implies something false about him.  Yet, when the photograph is viewed within the context of the Program as a whole – as it must be – it does not reasonably convey the implication that Plaintiff claims.  Plaintiff's name is never mentioned, and he is not accused of committing a crime.  His image appears for two seconds, standing beside a gang leader, with his eyes and nose covered by a black bar.  Hiding Plaintiff's face signals to viewers that Plaintiff is not being discussed in the Program, defeating the implication Plaintiff strains to glean.  Furthermore, a review of the entire Program – or even nearby scenes – reveals that Plaintiff's claim that the Program implies that he is Lonesome, a police informant, is baseless.  The person known as Lonesome is interviewed and appears on-camera throughout the Program.  But even if the Program could be construed as characterizing Plaintiff as a member of the Vagos, Plaintiff's claim still fails because any alleged defamatory statements – accusing the Vagos as a group of committing crimes – are not "of and concerning" Plaintiff.  Section 4.C, *infra*.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2. SUMMARY OF FACTS

*Gangland* is a documentary television series produced by Gangland Productions, LLC that airs on History, a cable television network owned by defendant AETN. Declaration of Douglas S. Kneissl ("Kneissl Decl.") ¶¶ 3, 4. *Gangland* explores the history of some of America's most notorious gangs and the efforts of law enforcement agencies working to stop them. Declaration of Julie Hughes ("Hughes Decl.") ¶ 3. The episode at issue here, entitled "Snitch Slaughter," first aired on Thursday, November 5, 2009. Kneissl Decl. ¶¶ 6, 7 & Exh. A. Using interviews, footage, and photographs, "Snitch Slaughter" documents the history of the Vagos Motorcycle Club (the "Vagos") in San Bernardino County, California. A true and correct copy of "Snitch Slaughter" as it originally aired is submitted with the separately-submitted Notice of Filing as Exhibit B1. *See also* Kneissl Decl. ¶ 10.

In creating the Program, Gangland Productions used footage and photographs it obtained from the California Department of Justice, Bureau of Narcotic Enforcement pursuant to an Acquired Footage/Still Photograph License. *See* Hughes Decl. ¶ 5 & Exh. D. Included among these materials was a photograph featuring the chapter president of the Vagos, known as "Yak Yak," with his arm around another man, in an outdoor setting. *Id.* ¶ 6 & Exh. E. Plaintiff alleges that he is the man standing next to Yak Yak in the photo, which was taken at a picnic in 2000 or 2001 at Rollins Lake, Nevada County, California. Amended Complaint ("AC"), ¶ 11.

The photo appeared in the episode for two seconds, while the narrator said the words "Yak Yak and the Vagos suspected." Notice of Filing, Exh. B1 at 36:15-16; *see also* Kneissl Decl. Exh. C at 21:17. The face of the man standing next to Yak Yak is covered by a black bar. Notice of Filing, Exh. B1 at 36:15-16. His hat, beard and white hair are visible, while Yak Yak's face is not obscured in any way.

AETN'S SPECIAL MOTION TO STRIKE
DWT 16718326v3 0052023-000025

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Id.* He is not named or identified in any way. *Id.* He is not identified as

2  "Lonesome." *Id.*

3      To the contrary, "Lonesome," the alias of a former Vagos member and police

4  informant, is interviewed and appears on camera throughout the Program.

5  Lonesome has brown hair, a goatee, and is wearing a bandana. *Id.* Seconds before

6  the photo at issue in this litigation, Lonesome can be seen on-screen, saying, "Yak

7  and they were talking about this guy, had a lot of money and had a lot of weed.

8  They wanted to kill the guy, take his money, kill his girlfriend if she was there." *Id.*

9  at 36:07-11.

10      Plaintiff alleges that on or about January 9, 2010, he discovered that his

11  photograph appeared in the episode. AC ¶ 9. On January 26, 2010, Plaintiff's

12  counsel sent a demand for retraction pursuant to California Civil Code § 48a to

13  AETN. AC ¶ 20 & Exh. 2. In response to this letter – and as a courtesy to Plaintiff,

14  because AETN did not believe that it had a legal obligation to do so – Gangland

15  Productions removed Plaintiff's photograph from the Program and delivered the

16  revised version of the Program to AETN for future broadcasts. Kneissl Decl. ¶¶ 7-

17  8; Hughes Decl. ¶ 7. On January 4, 2011, more than a year after the episode first

18  aired (Kneissl Decl. ¶ 6), Plaintiff filed this lawsuit for defamation.

19  **3.  PLAINTIFF'S CLAIM IS SUBJECT TO AN ANTI-SLAPP MOTION.**

20  **A.  The Anti-SLAPP Statute Broadly Applies to Claims that Target the**

21      **Exercise of Free Speech About Issues of Public Interest.**

22      In 1992, the California Legislature enacted Code of Civil Procedure § 425.16

23  "to nip ... in the bud" meritless claims that target a defendant's exercise of free

24  speech. *Braun v. Chronicle Publ.*, 52 Cal. App. 4th 1036, 1042 (1997). Under the

25  statute, any "cause of action against a person arising from any act of that person in

26  furtherance of that person's right of ... free speech ... in connection with a public

27  issue shall be subject to a special motion to strike, unless the court determines that

28

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the plaintiff has established that there is a probability that [he] will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1).

Five years later, responding to court decisions that interpreted the statute too narrowly, the Legislature amended Section 425.16 to direct that it "shall be construed broadly." Cal. Code Civ. Proc. § 425.16(a). The California Supreme Court later declared that this "broad construction … is desirable from the standpoint of judicial efficiency," and "that [a narrow construction] would serve Californians poorly." *Briggs v. Eden Council*, 19 Cal. 4th 1106, 1121-1122 (1999).

Subsequently, in *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002), the Supreme Court outlined the "two-step process for determining whether an action" must be stricken under Section 425.16. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." To make this showing, the defendant must demonstrate that the alleged conduct "underlying the plaintiff's cause [of action] fits one of the categories spelled out … in section 425.16, subdivision (e)." *Id.* Those categories include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; *(2) any written or oral statement or writing made in connection with an issue under consideration or review by a … judicial body, or any other official proceeding authorized by law;* (3) any written or oral statement or writing made in … a public forum in connection with an issue of public interest; *(4) or any other conduct in furtherance of the exercise of the constitutional right … of free speech in connection with a public issue or an issue of public interest.*

Cal. Code Civ. Proc. § 425.16(e) (emphasis added). Second, if the claim arises from protected conduct, the court "must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." *Navellier*, 29 Cal. 4th at 88. If the plaintiff cannot meet this burden, then the claim must be stricken. *Id.*

Both the Ninth Circuit Court of Appeals and this Court have recognized that a defendant may file an anti-SLAPP motion to strike state law claims filed in federal court. *See, e.g., Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2010); *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003); *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999); *Buzayan v. City of Davis Police Dep't*, 2007 WL 2288334, *3 (E.D. Cal. August 8, 2007); *Condit v. Nat'l Enquirer, Inc.*, 248 F. Supp. 2d 945, 952-53 (E.D. Cal. 2006).[2]

## B.   Plaintiffs' Claim Falls Within the Scope of the Anti-SLAPP Statute.

In analyzing whether conduct is protected under the anti-SLAPP statute, courts "must focus on the substance of the plaintiff's lawsuit." *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 897 (E.D. Cal. 2006) (holding that defendants met their burden of showing that plaintiffs' malicious prosecution claim was protected petitioning activity where the claim arose from the defendants' cross-complaint). "In performing this analysis, the California Supreme Court has stressed the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *Id.* "In other words, the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech." *Id.*

Courts consistently have held that defamation and related claims against media defendants, like AETN, fall within the scope of the anti-SLAPP statute.  For example, in *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 864 (1995), the court held that Section 425.16 protected a newspaper and its reporters in a lawsuit "based on [their] news reporting activities." *See also Briggs*, 19 Cal. 4th at 1117 (citing with approval *Lafayette* court's holding that statute applies to media defendants); *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798, 807-08 (2002) (applying Section 425.16 to radio talk show hosts).  Courts also have recognized that the production and broadcast of television news programs

---

[2] The anti-SLAPP statute applies to state claims filed in federal cases because it confers substantive rights and does not "directly collide" with the Federal Rules of Civil Procedure. *See, e.g., Lockheed Missiles & Space Co.*, 190 F.3d at 970-73; *see also Metabolife, Inc. v. Wornick*, 264 F.3d 832, 839-40 (9th Cir. 2001); *eCash Technologies, Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1074-75 (C.D. Cal. 2000).

AETN'S SPECIAL MOTION TO STRIKE
DWT 16718326v3 0052023-000025

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

involve the exercise of free speech or acts in furtherance of free speech, and are protected under the anti-SLAPP statute. *See, e.g., Hall v. Time Warner*, 153 Cal. App. 4th 1337, 1347 (2007) (statute applied to claims arising from broadcast of television program); *Lieberman v. KCOP Television*, 110 Cal. App. 4th 156, 162 (2003) (same); *Gates v. Discovery Comm'ns*, 34 Cal. 4th 679, 686 (2004) (same).

Here, AETN's Program easily falls within the anti-SLAPP statute's protection under either subsection 415.16(e)(2) or (e)(4). Subsection (e)(2) applies to statements or broadcasts about matters that are or were the subject of official proceedings. *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1117 (1996) (statements about investigation of shooting related to "official proceeding" for purpose of SLAPP statute). This protection extends to reports about current and past official proceedings. *See, e.g., Sipple v. Found. for Nat'l Progress*, 71 Cal. App. 4th 226, 237-38 (1999). AETN's Program focused specifically on government investigations of the Vagos, including related criminal proceedings and the prosecution of members of the Vagos for various alleged criminal acts. Thus, AETN's speech at issue here plainly was about an issue that was the subject of "official" and "judicial" proceedings.

In addition, AETN's Program is protected under subsection (e)(4), which extends the statute's reach to any statement made "in connection with … an issue of public interest." Consistent with the Legislature's and California Supreme Court's express mandate, this provision has been interpreted very broadly, even applying to programs on lighter topics such as reality television programs. In *Seelig v. Infinity Broadcasting*, 97 Cal. App. 4th 798, 807-808 (2002), for example, the court held that a radio host's on-air criticism of a contestant from the reality show *Who Wants To Marry A Multi-Millionaire* related to a matter of public interest. The court noted that the show had been of "significant interest to the public" because of "what its advent signified about the condition of American society." *Id.* In *Nygard v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008), the court reiterated that an issue of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

public interest "is any issue in which the public is interested," including in that case an article about a Finnish businessman's vacation home in the Bahamas. "In other words, the issue need not be 'significant' to be protected by the anti-SLAPP statute – it is enough that it is one in which the public takes an interest." *Id.* And in *Hilton*, the Ninth Circuit instructed that courts "must construe ... 'issue of public interest' ... broadly" to include any "topic of widespread, public interest" or "person ... in the public eye." 599 F.3d at 906-907. Applying those definitions, the court held that a greeting card poking fun at Paris Hilton's reality-television persona met the statute's public-interest requirement. *Id.*

Given this broad construction, there is no doubt that statements about the alleged criminal activities of the Vagos relate to a matter of public interest. As the United States Supreme Court declared in *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 475 (1975), "[t]he commission of a crime, prosecutions resulting therefrom, and judicial proceedings arising from the prosecutions are events of legitimate concern to the public[.]" *See also Forsher v. Bugliosi*, 26 Cal. 3d 792, 809 (1980) (acknowledging the "significant public interest" in news reports about crimes); *Bradbury*, 49 Cal. App. 4th at 1116-7 (investigation of shooting was matter of public interest under subsection (e)(4)). Here, Plaintiff cannot reasonably dispute that AETN's Program relates to an issue of public interest. If a greeting card about Paris Hilton, a deejay's rant about a reality-show contestant, and an article about a businessman's vacation home relate to matters of public interest under Section 425.16, then a television program about criminal gang activity obviously satisfies that test. Accordingly, Plaintiff's claim is subject to a special motion to strike.

## 4.   PLAINTIFF CANNOT MEET HIS BURDEN OF ESTABLISHING A PROBABILITY OF PREVAILING ON HIS CLAIM.

Because AETN's conduct falls within the scope of the anti-SLAPP statute, the burden shifts to Plaintiff to establish a probability that he will prevail on his claim. *See* Cal. Code Civ. Proc. § 425.16(b)(1). This burden is substantial. As the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

court explained in *DuPont Merck Pharm. v. Superior Court*, 78 Cal. App. 4th 562, 572 (2000), "to satisfy [his] burden under the second prong of the anti-SLAPP statute, it is not sufficient that [the plaintiff's] complaint survive a demurrer" or motion to dismiss. A plaintiff cannot simply rely on the allegations set forth in the complaint, nor can a court accept those allegations. *Church of Scientology*, 42 Cal. App. 4th at 656, *disapproved on other grounds*, *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53 (2002). Instead, the plaintiff must adduce "competent, admissible evidence" showing that he has a legally sufficient claim, *Mindys Cosmetics v. Dakar*, 611 F.3d 590, 599 (9th Cir. 2010) (citations omitted), and must "meet the defendant's constitutional defenses[.]" *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 359 (1995). Plaintiff cannot meet this burden. As shown below, Plaintiff's claim against AETN must be rejected on numerous independent grounds.

## A.  Plaintiff's Claim Is Time-Barred.

Plaintiff's claim against AETN must be stricken because it is time-barred. Plaintiff alleges a single cause of action against AETN for defamation. California Code of Civil Procedure § 340 establishes a one-year statute of limitations for defamation. Under California's Uniform Single Publications Act, Civil Code § 3425.3, any tort claim arising from a mass publication, including "any one broadcast over radio or television" accrues on the date that the work is published, regardless of when the plaintiff first discovers the allegedly wrongful conduct. *See Shively v. Bozanich*, 31 Cal. 4th 1230, 1243 (2003) (holding "that, for any single edition of a newspaper or book, there [is] but a single potential action for a defamatory statement contained in the newspaper or book, no matter how many copies … were distributed"). For purposes of the rule, a work is "published" when it is "generally distributed to the public." *Hebrew Academy of San Francisco v. Goldman*, 42 Cal. 4th 883, 887 (2007). The California Supreme Court has held that "[t]he single-publication rule … applies without limitation to all publications." *Id.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Under the single publication rule, Plaintiff's cause of action accrued upon the first general distribution of the Program to the public on November 5, 2009. *See Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 872 (2004). Moreover, the discovery rule does not apply to mass media publications and therefore the statute was not tolled until Plaintiff learned about the Program. *See Shively*, 31 Cal. 4th at 1237 (no tolling of one-year statute of limitations for libel claim even where plaintiff was ignorant of publication of alleged false statement in book). Thus, Plaintiff was required to file his lawsuit no later than November 5, 2010. Because he filed his lawsuit on January 4, 2011, his claim is barred.

**B. Plaintiff's Claim Is Barred Under Federal and California Law Because the Program Is a Fair and True Report on Government Proceedings.**

**1.   Plaintiff's Claim Is Barred by California Civil Code § 47(d).**

Independently, Plaintiff's action is barred by Civil Code § 47(d), which creates an *absolute* privilege for news reports about judicial and other official proceedings. The statute provides that a "privileged publication or broadcast is one made" by a "a fair and true report in … a public journal of … [any] public official proceeding, or … anything said in the course thereof[.]" *Id.*[3]

Courts consistently have recognized that a "fair and true" report need not be a verbatim republication of the judicial proceeding at issue. Instead, the report complained of only need be "substantially in accord" with the material relied upon. *Handlesman v. San Francisco Chronicle*, 11 Cal. App. 3d 381, 386-387 (1970). Courts have interpreted this protection very broadly to include any reports that capture the "gist" of the official record. *Id.*; *see also Jennings v. Telegram-Tribune Co.*, 164 Cal. App. 3d 119 (1985) (applying privilege to article that inaccurately

---

[3] Before its amendment in 1990, this provision was designated Civil Code § 47(4); consequently, the earlier cases cite to Section 47(4).

AETN'S SPECIAL MOTION TO STRIKE
DWT 16718326v3 0052023-000025

10

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reported that the plaintiff was convicted of tax fraud and tax evasion when he actually pleaded no contest to a charge of failure to file income tax returns).

Whether a statement falls within the scope of this privilege is a question of law decided by the trial court, not the jury. *McClatchy Newspapers v. Superior Court*, 189 Cal. App. 3d 961, 976-977 (1987). If the court determines that the statement complained of falls within the scope of Section 47(d), the statute "provid[es] an absolute privilege." *McClatchy*, 189 Cal. App. 3d at 974-975. Thus, even if "the media publish an accurate report of a statement they *know to be false*," – which was not the case here – "the protective cloak of subdivision 4 remains intact." *Id.* (emphasis added).

Courts have applied this privilege in a wide variety of circumstances. For example, a newspaper article describing documents and testimony in a libel lawsuit was found to be absolutely privileged under Section 47(d). *McClatchy*, 189 Cal. App. 3d at 971. The "fair and true" report privilege similarly immunized a newspaper article describing allegations contained in a civil complaint for conversion (*Handlesman*, 11 Cal. App. 3d at 386); a magazine article reporting about a custody proceeding (*Sipple*, 71 Cal. App. 4th at 240-246); and a newspaper article describing allegations made in a written report by a state commission and at a related press conference (*Kilgore v. Younger*, 30 Cal. 3d 770, 783 (1982)).

Moreover, this protection is not limited to statements made in the courtroom, in court documents, or during an official proceeding. As one court explained, "[i]n determining the scope of the term 'judicial proceeding' within the purview of [Section 47(d)], the courts ... take a comparatively broad view of the question." *Glenn v. Gibson*, 75 Cal. App. 2d 649, 660 (1946), *disapproved on other grounds*, *Lipman v. Brisbane Elementary School District*, 55 Cal. 2d 224 (1961). Under this "expansive" interpretation, the privilege applies to reports of extrajudicial statements made by witnesses and other individuals connected with an official proceeding. In *Sipple*, for example, the court held that the privilege extended to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | statements made to a reporter by witnesses who added more details to the
2 | testimony than they had given in court proceedings.  The court concluded that the
3 | extrajudicial statements to the reporter "do[] not change the gist and sting of the
4 | courtroom statements or the complexion of the affair."  71 Cal. App. 4th at 245-
5 | 246.  Similarly, the court in *Glenn* recognized that out-of-court statements are
6 | privileged if they "comprise a history of the proceedings."  75 Cal. App. 2d at 660.

7 | Likewise, in *Hayward v. Watsonville Register*, 265 Cal. App. 2d 255, 259-
8 | 260 (1968), the court held that the newspaper report about a criminal trial and the
9 | prosecutor's public statements made outside the courtroom was privileged under
10 | Section 47(d) because the prosecutor's statements related to the "circumstances"
11 | and "legal theories" of the case.  *Accord Braun*, 52 Cal. App. 4th at 1050 (media
12 | reports about statements by "criminal justice personnel" that are "made outside the
13 | courtroom and invoking no function of the court" are privileged under Section
14 | 47(d) where criminal justice personnel express "representations and theories" about
15 | the case); *Dorsey v. National Enquirer, Inc.*, 973 F.2d 1431, 1437 (9th Cir. 1992)
16 | (applying California law) (privilege applies to media reports of "out of court
17 | statements" about judicial proceedings "if they comprise a history of the
18 | proceedings"); *Reeves v. ABC, Inc.*, 719 F.2d 602, 606 (2d Cir. 1983) (applying
19 | California law) (same result for media report "based on sources connected with the
20 | history of the judicial proceeding").

21 | As these authorities demonstrate, AETN's Program is protected under
22 | Section 47(d).  This Program accurately described testimony, statements, and
23 | evidence collected by various law enforcement entities and used in criminal court
24 | proceedings against members of the Vagos gang.  Hughes Decl. ¶¶ 5-6 & Exh. D.
25 | In particular, the photograph at issue here was contained in official police records
26 | provided by the California Department of Justice/Bureau of Narcotic Enforcement
27 | pursuant to an "Acquired Footage/Still Photograph License."  *Id.*  Plainly, AETN's
28 | display of the photograph is a "fair and true" report of the photograph that it

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   received directly from law enforcement. As such, the Program falls squarely

2   within Section 47(d)'s absolute privilege, which defeats Plaintiff's claim.

3       **2.**    **Plaintiff's Claim Is Barred by the Fair Report Privilege**

4           **Under the First Amendment and the California Constitution.**

5       Plaintiff's defamation claim independently is barred by an analogous fair

6   report privilege that exists under the First and Fourteenth Amendments to the

7   United States Constitution, and Article I, § 2 of the California Constitution. The

8   United States Supreme Court has held unequivocally that reporting on official court

9   proceedings and records is absolutely protected under the First Amendment. In

10  *Cox Broadcasting v. Cohn*, 420 U.S. 469, 491, 495-496 (1975), the Supreme Court

11  held that a news report based on a public court record revealing the name of a rape

12  victim in violation of a state confidentiality statute was absolutely privileged under

13  the First Amendment, barring plaintiff's privacy claim. As the Court explained,

14  "What happens in the court room is public property. ... *Those who see and hear*

15  *what transpired can report it with impunity.*" 420 U.S. at 492 (*quoting Craig v.*

16  *Harney*, 331 U.S. 367, 374 (1947) (Douglas, J., writing for majority)). Similarly,

17  in *Florida Star v. B.J.F.*, 491 U.S. 524, 526-529, 533 (1989), the Court held that a

18  news report based on police records revealing the name of a rape victim in

19  violation of a state confidentiality statute was absolutely privileged under the First

20  Amendment against a negligence claim. The California Supreme Court reaffirmed

21  this rule when it held that the First Amendment provided an absolute privilege for a

22  news report based on an obscure public court record, ordering the dismissal of the

23  plaintiff's privacy claim. *Gates v. Discovery Communications, Inc.*, 34 Cal. 4th

24  679, 692 (2004).

25      Based on this constitutional protection, no action for libel or claims whose

26  gravamen targets a defendant's exercise of free speech can arise from news reports

27  about judicial proceedings and government records, regardless of the harm that

28

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegedly flows from their disclosure.  Thus, Plaintiff's defamation claim against AETN also fails on this ground.

**C.      Plaintiff's Claim Is Barred Because AETN Made No Provably False Statement and The Program Does Not State or Imply Anything Defamatory About Plaintiff.**

**1.      The Picture of Plaintiff Relays the True Fact that Plaintiff Posed in Public for a Picture with Yak Yak.**

Plaintiff's claim must be rejected because he cannot deny that the picture relays the true fact that he posed for a picture with Yak Yak.  Truth is, of course, an absolute defense to a defamation claim.  *Smith v. Maldonado*, 72 Cal. App. 4th 637, 646, 648 (1999).  California courts have rejected attempts to draw a defamatory implication from true facts, holding that if the underlying facts are true and accurately relayed, any implication drawn from them is not actionable.  *Id.*; *Francis v. Dun & Bradstreet, Inc.*, 3 Cal. App. 4th 535, 537 (1992).  As one court explained:

> Plaintiffs' brief goes on at length about "innuendo," "implication," and "reading the report as a whole," but all of this discussion is irrelevant.  There can be no defamation without a false statement of fact, and plaintiffs admit all the statements are true. ... We wonder how plaintiffs (or their attorneys) could have ever thought they had a cause of action for defamation.

*Francis*, 3 Cal. App. 4th at 540; *see also Gorman v. Abramson*, 584 F.3d 1147, 1169 (9th Cir. 2009) (citing case with approval).  Plaintiff's claims here suffer from the same defect.  At its essence, Plaintiff's complaint is that AETN broadcast a picture of Plaintiff standing arm-in-arm in a public place with a notorious gang leader.  All of this is true, as Plaintiff cannot deny.  His claim must be rejected for this fundamental reason.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.   The Program Does Not Reasonably Convey any Defamatory Implication About Plaintiff.

Nor can Plaintiff's implication allegation save his claim.  "The question whether a statement is reasonably susceptible to a defamatory interpretation is a question of law for the trial court."  *Smith*, 72 Cal. App. 4th at 647 (citation omitted).  "If the material complained of is not fairly susceptible to a defamatory meaning, it is proper to dismiss the action."  *Polygram Records v. Superior Court*, 170 Cal. App. 3d 543, 551 (1985); *see also Yorty v. Chandler*, 13 Cal. App. 3d 467, 475 (1971) (if only one reasonable interpretation possible, "a court is required to rule as a matter of law that the material is not defamatory, and it is not allowed to submit the issue to a jury" (citations omitted)).

In determining whether a statement is defamatory, courts look to what is "explicitly stated as well as what insinuation and implication can be reasonably drawn from the communication."  *Forsher v. Bugliosi*, 26 Cal. 3d 792, 803 (1980) (citation omitted).  The Court should look to the natural effect of a statement in determining whether that statement defames plaintiff:

> [The] court's inquiry is not to determine if the communications may have an innocent meaning but rather to determine if the communication reasonably carries with it a defamatory meaning. … Just as the court must refrain from a "hair-splitting analysis" of what is said in an article to find an innocent meaning, so must it refrain from scrutinizing what is not said to find "a defamatory meaning which the article does not convey to a lay reader."

*Id.* (citation omitted; emphasis added).

In *Morningstar, Inc. v. Superior Court*, 23 Cal. App. 4th 676, 679 (1994), for example, the court rejected a defamation claim based on an article titled "Lies, Damn Lies, and Fund Advertisements," which discussed the ways in which statistics for mutual fund performance can be manipulated.  Plaintiff claimed that the article accused plaintiff of lying about its statistics, "when in fact every statement in such Advertisements was true."  *Id.* at 687.  Contrary to Plaintiff's

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claims, the court held that in context, "the title conveyed the sense this was an article expressing an opinion about how statistics were manipulated not that the statistics themselves were false." *Id.* at 688.  The court reiterated that where an opinion does not suggest a false statement of fact, it is protected by the First Amendment and may not give rise to a claim. *Id.* at 689-90.[4]

As the Ninth Circuit recently explained, "defamatory meaning must be found, if at all, in a reading of the publication as a whole. ... Defamation actions cannot be based on snippets taken out of context." *Crowe v. County of San Diego*, 608 F.3d 406, 443 (9th Cir. 2010) (rejecting defamation claim because when viewed in context, interviewee did not relay the defamatory meaning alleged).  Thus, when an allegedly defamatory statement is contained in a television broadcast, courts examine the statement in the context of the entire news report to determine if it has the meaning attributed to it by the plaintiff. *See Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325, 1339 (2009) (finding that, in the context of the entire news report, the words "manhunt at the border" were not reasonably susceptible of the false and defamatory meaning attributed to them by plaintiffs); *see also Ramsey v. Fox News Network, LLC*, 351 F. Supp. 2d 1145, 1151 (D. Colo. 2005) ("To determine defamation, the Court must view the broadcast as a whole rather than dwell upon specific parts of the broadcast").

---

[4] Similarly, in *Partington v. Bugliosi*, 56 F.3d 1147, 1161 (9th Cir. 1995), the Ninth Circuit rejected a defamation claim alleging that defendants implied that plaintiff was a "liar," based on defendant's statement that the "[plaintiff's] explanation of one incident to a prospective author [was] not consistent with the facts." *See also Alszeh v. Home Box Office*, 67 Cal. App. 4th 1456, 1463 (1998) (documentary did not reasonably imply that plaintiff was the same person as his notorious former business partner); *O'Hilderbrandt v. CBS*, 40 Cal. App. 3d 323, 325-27, 331-34 (1974) (television broadcast did not imply plaintiff murdered her fiancé even though the broadcast highlighted her and noted that "police and posterity" thought a woman had committed the crime); *Rubin v. U.S. News & World Report*, 271 F.3d 1305 (11th Cir. 2001) (article about gold-smuggling and money laundering did not imply that plaintiff engaged in those activities despite statements that plaintiff may have smuggled gold and that he conceded keeping two sets of books).

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Moreover, to prevent the inevitable chilling of expression that would result if a defendant could be held liable for any conceivable inference gleaned from a publication, courts have held that implication claims "face a severe constitutional hurdle." *Loricchio v. Evening News*, 476 N.W.2d 112, 129 (Mich. 1991). The California Supreme Court has set a particularly high standard for plaintiffs in defamation-by-implication cases. In *Forsher*, 26 Cal. 3d at 803, the plaintiff contended that he was defamed by the book *Helter Skelter*, which suggested that Charles Manson's followers murdered lawyer Ronald Hughes. Although the book repeatedly connected the plaintiff with events relating to the murder, the Court held that "the book neither expressly nor by fair implication charges [the plaintiff] with killing or aiding or abetting the killing of Hughes." *Id.* at 805. Similarly, in *O'Hilderbrandt v. CBS*, 40 Cal. App. 3d 323, 326 (1974), the plaintiff alleged that she was cast in a false light by a television program that purportedly implied that she murdered her fiancé. Although the program prominently featured the plaintiff and noted that "police and posterity" thought a woman had committed the crime, the California Court of Appeal held that the program could not reasonably be understood to imply that the plaintiff was involved in the murder. *Id.* at 331-334.

Here, neither the photo by itself nor its inclusion in the Program implies that Plaintiff was involved in criminal activities or a police informant. Nor does it imply that Plaintiff was a member of the Vagos (although, as discussed below, this alone would not be defamatory.) The photograph at issue appeared in the Program for two seconds, in conjunction with the words "Yak Yak and the Vagos suspected." Notice of Filing, Exh. B1 at 36:15-16. It depicts Plaintiff standing next to Yak Yak, a known gang member, with a black bar covering his eyes and nose, signaling to viewers that the photograph is included only to show Yak Yak's image. And although Plaintiff claims that the Program implies that he is Lonesome, a police informant, a review of the entire Program reveals that this claim is simply not true. Indeed, Lonesome is interviewed and appears on camera repeatedly in the Program,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

including immediately before and shortly after the photograph including Plaintiff is shown. Kneissl Decl. Exh. B1.   Plaintiff cannot overcome this independent hurdle to his claim.

### 3. Any Alleged Defamatory Meaning Is Not "Of and Concerning" Plaintiff.

Finally, even if the Program could be construed as characterizing Plaintiff as a member of the Vagos as he alleges, Plaintiff's claim still would fail because any alleged defamatory statements – accusing the Vagos of committing crimes – are not "of and concerning" Plaintiff.  The First Amendment requires that a defamation plaintiff demonstrate that each allegedly defamatory statement be "of and concerning" that particular plaintiff. *Rosenblatt v. Baer*, 383 U.S 75, 83 (1966) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 288-292).  This requirement "limits the right of action for injurious falsehood … to those who are the *direct* object of criticism and den[ies] it to those who merely complain of nonspecific statements they believe cause them some hurt." *Blatty v. New York Times Co.,* 42 Cal. 3d 1033, 1044 (1986) (emphasis added).

To satisfy the "of and concerning" requirement, a defamation plaintiff must establish that each statement either expressly mentions the plaintiff or reasonably can be interpreted as referring to him. *Blatty*, 42 Cal. 3d at 1042, 1046; *see also Rosenblatt*, 383 U.S. at 83.  Whether a statement is "of and concerning" a particular plaintiff is a question of law for the court. *See, e.g., id.* at 1048.  Importantly, when a group allegedly is libeled, a plaintiff does not have a claim merely for being identified as part of that group; instead, plaintiff must demonstrate that the alleged defamatory statements were specifically about him. *Barger v. Playboy Enterprises,* 564 F. Supp. 1151, 1155 (N.D. Cal. 1983) (rejecting claims brought by alleged members of Hell's Angels because statements were not "of and concerning" plaintiff; "where the group is large – in general, any group numbering over twenty-

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  five members – the courts in California and other states have consistently held that

2  plaintiffs cannot show that the statements were 'of and concerning them'").

3       Applying this constitutional requirement, it is obvious that none of the

4  supposedly defamatory statements are "of and concerning" Plaintiff.  His name was

5  never mentioned and he is not accused of having committed any particular crime.

6  Indeed, nothing is said about him at all.  Plaintiff's claim appears to be that the

7  Program implies he commits crime, by falsely accusing him of being a member of

8  the Vagos.  But the Vagos are a large group of people, and no one of them has a

9  defamation claim simply by being identified as a member.  It follows that Plaintiff

10  also has no defamation claim for allegedly being identified as a member of the

11  Vagos.

## 5.  CONCLUSION

13       Plaintiff cannot come close to demonstrating any possibility – much less the

14  required probability – of prevailing on any of his claim against AETN.  AETN

15  therefore respectfully requests that the Court grant this Motion and strike Plaintiff's

16  Amended Complaint in its entirety.

18  DATED:  March 21, 2011

DAVIS WRIGHT TREMAINE LLP
ROCHELLE L. WILCOX
LISA J. KOHN


By: /s/ Rochelle L. Wilcox
    Rochelle L. Wilcox

Attorneys for Defendant
A&E TELEVISION NETWORKS, LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899