IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>A&E TELEVISION NETWORKS, LLC,<br>and DOES 1 through XXX,<br>inclusive,<br><br>　　　　Defendants.<br>_____ | 2:11-cv-00025-GEB-CKD<br><br><br>ORDER |

　　　Defendant moves to recover "$45,708.81 in fees and costs incurred in connection with its anti-SLAPP Motion and this Fee Motion, which consists of $40,128.81 in the fees and costs [requested in the Motion,] and an additional $5,580.00 in fees incurred in connection with [its reply brief for the Motion] and the anticipated hearing on Defendants' Motion[.]" (Def.'s Reply 10:8-13.) Defendant's motion follows a September 6, 2011 order that granted Defendant's anti-SLAPP motion and dismissed Plaintiff's First Amended Complaint ("FAC") with prejudice. (ECF No. 40.)

　　　Defendant seeks attorneys' fees and costs under section 425.16(c) of the California Code of Civil Procedure, which prescribes: "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (2011). Plaintiff does not oppose "the hourly rates

requested by defense counsel" or "the claim for costs[; however,] Plaintiff [does not] agree with . . . the specific hours claimed by defense counsel[.]" Id. 2:3-13.

"[F]ee awards should be fully compensatory. . . . [T]he calculation of attorney fees begins with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." Ketchum v. Moses, 24 Cal. 4th 1122, 1133 (2001)(emphasis omitted). "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under [section] 425.16." Id. at 1141. "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative multiplier to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 833 (2001).

"The reasonable value of attorney services is variously defined as the hourly amount to which attorneys of like skill in the area would typically be entitled." Id. at 1133 (internal quotation marks omitted). Since Defendant has produced an unopposed declaration in which it is averred that the requested rates are reasonable and are customarily charged in Sacramento, Defendant's hourly rates are reasonable. (Leonard Decl. ¶¶ 2-4)

However, Plaintiff argues the amount of hours spent was unreasonable since defense counsel engaged in duplicative and unnecessary work. "[A]n attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those

2

relating solely to the fee." Ketchum, 24 Cal. 4th at 1133 (emphasis in original). Plaintiff argues much of defense counsel's work was unnecessary since "most of defense counsel's hours were as to issues briefed that did not result, and were not mentioned, in the Court's ruling . . . ." (Pl.'s Opp'n 3:1-4.) However, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); see also Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220 (S.D. Cal. 2002) (applying this Hensley principle to an anti-SLAPP case).

Plaintiff also argues "[m]any of the hours are for work that is duplicative[, such as] the 03/18/11 invoice entry for Ms. Wilcox,[which] . . . reveals multiple communications and reviews with no less then [sic] six other persons." (Pl.'s Opp'n 5:16-20.) However, "[i]n challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." Premier Med. Mgmt., Inc. v. Cal. Ins. Guarantee Ass'n, 163 Cal. App. 4th 550, 564 (2008). Plaintiff does not satisfy his burden since he only specifically identifies one invoice entry as excessive and does not explain how the entry is duplicative of other hours spent.

Plaintiff also argues the number of hours spent was unreasonable since "none of the numerous entries on the billing . . .

3

reveals the specific argument which is the subject of the hours claimed[.]" (Pl.'s Opp'n 5:16-17.) However, Plaintiff has not shown that the fee award should be reduced for unsuccessful arguments. Further, Defendant has produced sufficient supporting evidence to support the amount of the award it seeks.

Therefore, Defendant's request for $45,708.81 in fees and costs incurred in connection with the motions is GRANTED.

Dated:  December 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge